



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS SOLORZANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-093 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody, filed by petitioner on April 26, 2010 and amended on May 9, 2010. The Offender Information Detail website maintained by the Texas Department of Criminal Justice indicates petitioner is currently incarcerated on a 1996 conviction for aggravated robbery out of Harris County, Texas, and the resulting twenty-year sentence. A necessary conclusion is that petitioner was in the United States illegally when he committed the offense for which he is currently confined and expects to be deported in the future.

### PETITIONER'S ALLEGATIONS

Petitioner contends:

1. The government's failure to deport him constitutes continued detention without due process.

2. "Wheather [sic] cancellation of removal in a due process hearing determine [sic] an adjustment of status."

    3.    "Wheather [sic] petitioner is deported or paroled be [sic] allowed as a parent to enter the United States."

    4.    "Wheather [sic] deliberate refusal to deport involved supervisory officials liable upon a theory of vicarious rather than personal liability."

Petitioner indicates he seeks immediate deportation or, alternatively, release on parole and adjustment of his status.

### PETITIONER FAILS TO RAISE ANY COGNIZABLE HABEAS CORPUS CLAIM

Petitioner raises several issues regarding whether he should be deported. To that end, he seeks an order from this Court for his immediate deportation. "[T]he Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). Petitioner remains confined pursuant to a state conviction. As long as he is confined by the State of Texas, the Attorney General is unable to deport him. Petitioner cannot be deported until he has served his sentence to the state's satisfaction. *See id.*

While the apparent focus of the habeas corpus petition is the request for immediate deportation, petitioner alternatively requests release on parole. "Because it is entirely speculative whether a prisoner will be released on parole, the court has determined 'that there is no constitutional expectancy of parole in Texas.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). Thus, petitioner has no constitutional expectancy of parole. *See id.* This Court may only address issues implicating constitutional rights. *Id.* Because the issue of whether Solorzano should receive parole does not implicate any constitutional rights, this claim is not cognizable on habeas corpus review.

### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner LUIS SOLORZANO be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of June, 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).